# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RICHARD JAMES GIESE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05-CV-458 CAS |
| ) | |
| DR. JAY ENGLEHART, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for appointment of counsel, plaintiff's motions for temporary restraining order and preliminary injunction, defendant's motion to dismiss and plaintiff's two motions for summary judgment and/or for judgment on the pleadings. Plaintiff opposes the motion to dismiss. No reply memorandum was filed by defendant. Defendant has not responded to the motions for injunctive relief, or to the motions for summary judgment and/or for judgment on the pleadings. For the following reasons, the Court will grant plaintiff's motion for appointment of counsel, deny the motions for temporary restraining order and preliminary injunction without prejudice, grant in part and deny in part the motion to dismiss, and deny the motions for summary judgment and/or for judgment on the pleadings without prejudice.

**Background**.

This is an action pursuant to 42 U.S.C. § 1983. Plaintiff, who is a civilly committed resident of the Missouri Sexual Offender Treatment Center, alleges that defendant Dr. Jay Englehart has

violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution as well as state law by forcing him to take the medication Risperdal.[1]

**Motion for Appointment of Counsel.**

Plaintiff has filed a motion for appointment of counsel. The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court. Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995) (citations omitted). This determination involves the weighing of several factors which include the factual complexity of a matter, the ability of an indigent to investigate the facts, the complexity of the legal issues, the existence of conflicting testimony, and the ability of the indigent to present his claim. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998); Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996).

The Court concludes that plaintiff and the Court would benefit from the assistance of counsel. The legal issues presented in § 1983 cases can be complex, and this is not a routine case. Because plaintiff is civilly committed and taking an anti-psychotic drug, he may have difficulty adequately investigating the factual basis of his claim and addressing the legal issues. Plaintiff does not appear able to clearly present his claim in an efficient manner. The Court will therefore grant plaintiff's motion for appointment of counsel.

---

[1] Risperdal is a brand name for the drug Risperidone, a "psychotropic agent belonging to the chemical class of benzisoxazole derivatives." Physicians' Desk Reference (5th Ed. 2005), p. 1742. The drug is used for the treatment of schizophrenia. Id. at 1743.

**Motions for Temporary Restraining Order and Preliminary Injunction**.

Plaintiff's motion for a temporary restraining order states that he is suffering irreparable harm caused by the defendant, faces imminent harm and fears for his safety and well being. The motion correctly states that the purpose of a temporary restraining order is to maintain the status quo, but does not ask for any specific relief. The motion for preliminary injunction states only, "Plaintiff relies on his motion for temporary restraining order to support this motion to prohibit the continued conduct by defendant."

In determining whether to issue a temporary restraining order, the Court must consider the following four factors:

(1) The threat of irreparable harm to the movant;

(2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant;

(3) the probability that movant will succeed on the merits; and

(4) the public interest.

Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981). The burden of proving these prerequisites is entirely on the party seeking injunctive relief. Modern Computer Systems, Inc. v. Modern Banking Systems, Inc., 871 F.2d 734, 737 (8th Cir. 1989) (en banc). The Eighth Circuit has held that the moving party's burden increases when the relief sought constitutes "substantially the relief it would obtain after a trial on the merits." Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc., 815 F.2d 500, 503 (8th Cir. 1987).

A court issues injunctive relief in a lawsuit to preserve the status quo and prevent irreparable harm until it has an opportunity to rule on the lawsuit's merits. Devose v. Herrington, 42 F.3d 470,

471 (8th Cir. 1994) (citing Dataphase, 640 F.2d at 113 & n.5)). The inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. In this case, it appears that plaintiff does not seek to preserve the status quo, but rather seeks the same relief he would have after a trial on the merits–that he not be required to take the drug Risperdal. Plaintiff's burden to establish that he is entitled to injunctive relief is therefore greater. Calvin Klein, 815 F.2d at 503.

The Court finds that plaintiff has failed to meet his burden to establish any of the Dataphase factors, and therefore will deny the motions for temporary restraining order and preliminary injunction without prejudice.

**Defendant's Motion to Dismiss**.

Defendant Englehart moves to dismiss plaintiff's complaint on the basis that he is being sued only in his official capacity and therefore the claim is actually against the State of Missouri. Defendant contends that under these circumstances, he is not a "person" subject to liability within the meaning of 42 U.S.C. § 1983. Defendant also moves to dismiss plaintiff's claims to the extent they are brought under 42 U.S.C. § 1981, on the basis that this statute is limited to addressing purposeful discrimination on the basis of race in the making and enforcement of contracts, and the complaint makes no reference to plaintiff's race or to the making or existence of any contract. Plaintiff responds that he filed a notice with the Court indicating that he was suing the defendant in his individual capacity. Plaintiff also requests leave to amend his complaint, if necessary.

**Legal Standard**.

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can

4

be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003). "At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." Hanten v. School Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997).

**Discussion**.

    **1. Claims under 42 U.S.C. § 1983**.

As stated above, defendant moves to dismiss plaintiff's claims against him under 42 U.S.C. § 1983 on the basis that plaintiff's complaint does not specify the capacity in which defendant is being sued. Defendant asserts that the suit must be interpreted as asserting a claim against him in his official capacity only, and should be dismissed as a result.

A claim against a public official in his or her official capacity is merely another way of pleading an action directly against the public entity itself. Hafer v. Melo, 502 U.S. 21, 25 (1991). State officials in their official capacity are not persons amenable to suit under Section 1983. Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001). Thus, suits against public

officials in their official capacity should be treated as suits against the public entity. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)). It is well established that states and state officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Thus, claims brought against individual defendants in their official capacity should be dismissed in a Section 1983 action. See Roberson, 241 F.3d at 995.[2]

The Eighth Circuit has repeatedly stated that a party wishing to sue an individual in both his individual and official capacities must "expressly and unambiguously"so specify in the pleadings. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). This language is required in order to give public servants proper notice that they are being exposed to civil liability and damages under § 1983. Murphy v. State of Arkansas, 127 F.3d 750, 754-55 (8th Cir. 1997). "Absent such an express statement, the suit is construed as being against the defendants in their official capacity." Johnson, 172 F.3d at 535.

In this case, plaintiff's complaint is silent as to the capacity in which defendant is being sued. As plaintiff points out in his opposition to the motion to dismiss, however, prior to transfer of this matter to the undersigned, plaintiff filed a document entitled "Notice" which states, "Plaintiff states that he is sueing [sic] the defendant in his individual capacity. Plaintiff requests this document be supplemented to his filed complaint." See Doc. 5.

---

[2] A state official sued in his or her official capacity may be a "person" under Section 1983 when sued for injunctive relief, see Will, 491 U.S. at 71 n.10. Although plaintiff does not use the words "injunction" or "injunctive relief" in the complaint, part of the relief he seeks is that "this Doctor be forever barred from administering this drug to me." Complaint, ¶5 at 3. This is a request for injunctive relief which could be asserted against defendant in his official capacity.

This Court does not allow pleadings to be amended by interlineation or supplemented in the manner sought by plaintiff. The Court will grant plaintiff leave to file an amended complaint through appointed counsel to also assert his claims against defendant in his individual capacity, as plaintiff's intent to do so is clear from the record. Defendant's motion to dismiss on this basis should therefore be denied.

**2. Claims under 42 U.S.C. § 1981**.

Defendant moves to dismiss plaintiff's claims brought pursuant to 42 U.S.C. § 1981 on the basis that Section 1981 is limited to addressing purposeful discrimination on the basis of race in the making and enforcement of contracts, and the complaint makes no reference to plaintiff's race or to the making or existence of any contract. Plaintiff did not respond to this aspect of defendant's motion to dismiss.

"The purpose of 42 U.S.C. § 1981 is to prohibit discrimination in the 'performance, modification and termination of contracts' and to protect 'the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.' 42 U.S.C. § 1981(b)." Williams v. Lindenwood Univ., 288 F.3d 349, 355 (8th Cir. 2002). " To establish a prima facie claim of racial discrimination under 42 U.S.C. § 1981, the plaintiff must show that (1) he is a member of a racial minority, (2) the defendant intended to discriminate against him on the basis of race, and (3) the discrimination concerned an area enumerated by the statute." Id. (citation omitted).

There is no allegation in the complaint or any other portion of the record indicating that plaintiff belongs to a racial minority, that defendant intended to discriminate against him on the basis of race, or that such discrimination concerned an aspect of a contractual relationship. Defendant's motion to dismiss plaintiff's claims under 42 U.S.C. § 1981 should therefore be granted.

### 3. Miscellaneous Claims.

The Court notes that the caption of plaintiff's complaint includes a reference to "medical malpractice," and in the body of the complaint plaintiff alleges that Mo. Rev. Stat. §§ 630.115 and 630.115.3 (2000) are being violated. Complaint, ¶ 3 at 2. Defendant's motion to dismiss did not address these aspects of the complaint. The Court cannot determine whether these references are surplusage, or whether plaintiff is attempting to assert supplemental state law claims or that violations of state law exist and are actionable under 42 U.S.C. § 1983. When plaintiff amends his complaint through appointed counsel, he should either omit these references or make clear what he is attempting to assert by them.

**Plaintiff's Motions for Summary Judgment**.

Plaintiff has filed a "Motion for Summary Judgement [sic] per F.R.C.P. cross reference F.R.C.P. 12(c)," and a "Motion for Summary Judgement [sic] cross reference with Motion for Judgement [sic] on the pleadings per F.R.C.P. 12(c)." In both of these documents, plaintiff states that he relies on his complaint, pleadings and exhibits for summary judgment. Plaintiff asserts that he has "proven his burden [on summary judgment] and the facts are crystal clear." Mot. Summ. J., ¶ 6 at 3 [Doc. 15]. As stated above, defendant has filed no response to these motions.

The local rules of this Court contain certain requirements with respect to motions for summary judgment. A pro se litigant is not excused from complying with court orders, local rules, or substantive and procedural law, "even without affirmative notice of the application of the rules to his case." Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002).

Local Rule 4.01(A) requires that a moving party shall file with each motion a separate memorandum in support of the motion, including citations of any authorities on which the party relies.

If the motion requires consideration of facts not appearing in the record, the party also shall file all documentary evidence relied upon. Id. Local Rule 4.01(E) contains specific requirements with respect to providing factual support for motions for summary judgment, as follows:

> <u>Every memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, including whether each fact is established by the record, and, if so, the appropriate citations</u>. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

Eastern District Local Rule 4.01(E) (emphasis added).

In this case, plaintiff filed two similar motions for summary judgment. Neither motion is accompanied by a memorandum in support as required by Local Rule 4.01(A), although plaintiff does cite cases and make arguments within the body of the motions. More importantly, plaintiff has not filed a statement of uncontroverted material facts as required by Local Rule 4.01(E). As a result, the Court will deny without prejudice plaintiffs' two motions for summary judgment. In the future, any motion for summary judgment should be accompanied by a memorandum in support, and must be accompanied by a statement of uncontroverted material facts which complies with the requirements of Local Rule 4.01(E), or the Court will not consider it.

To the extent plaintiff's motions seek judgment on the pleadings under Rule 12(c), Federal Rules of Civil Procedure, they will also be denied without prejudice. "Judgment on the pleadings is appropriate only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law." In reviewing a motion for judgment

9

on the pleadings, a court "must accept as true all facts pled by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." Potthoff v. Morin, 245 F.3d 710, 715 (8th Cir. 2001) (citations omitted). Plaintiff has not met his burden to establish that he is entitled to judgment on the pleadings. Moreover, the motion is premature, as defendant has not even filed a responsive pleading in this case yet.

**Conclusion**.

For the foregoing reasons, plaintiff's motion for appointment of counsel will be granted. Plaintiff's motions for a temporary restraining order and preliminary injunction will be denied without prejudice. Defendant's motion to dismiss will be granted with respect to plaintiff's claims under 42 U.S.C. § 1981 and denied with respect to his claims under 42 U.S.C. § 1983. Plaintiff's appointed counsel will be granted leave to file an amended complaint within thirty (30) days of receipt of the Court file. Plaintiff's motions for summary judgment and/or for judgment on the pleadings will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **GRANTED**. [Doc. 3]

**IT IS FURTHER ORDERED** that Tyler S. McClay, of Lashly & Baer, P.C., 714 Locust Street, St. Louis, Missouri 63101, telephone number (314) 621-2939, is appointed as counsel for the plaintiff. Counsel shall have thirty (30) days from the date of receipt of the Court file in which to file an amended complaint.

**Appointed counsel is advised that all applications for disbursement of funds from the Eastern District's Attorney Admission Fee Non-Appropriated Fund are governed by Local Rules 12.03 and 12.06, the Administrative Order of February 24, 2004 concerning the Attorney**

**Admission Fee Non-Appropriated Fund, and the Regulations Governing the Disbursement of Funds from the Non-Appropriated Fund for Attorney's Fees and Out-of-Pocket Expenses Incurred by Attorneys Appointed to Represent Indigent Parties in Civil Proceedings Pursuant to 28 U.S.C. § 1915(e), dated February 24, 2004. Form requests for compensation of services and reimbursement of expenses may be obtained from the Clerk of the Court or printed from the Court's Internet website, www.moed.uscourts.gov**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide appointed counsel with a copy of the complete Court file.

**IT IS FURTHER ORDERED** that plaintiff's motions for a temporary restraining order and preliminary injunction are **DENIED without prejudice**. [Doc. 4]

**IT IS FURTHER ORDERED** that defendant's motion to dismiss is **GRANTED in part** and **DENIED in part**; said motion is **GRANTED** as to plaintiff's claims under 42 U.S.C. § 1981 and **DENIED** as to plaintiff's claims under 42 U.S.C. § 1983. [Doc.11]

**IT IS FURTHER ORDERED** that plaintiff's motions for summary judgment are **DENIED without prejudice** for failure to comply with Local Rule 4.01(E), and plaintiff's motions for judgment on the pleadings are **DENIED without prejudice**. [Doc. 15, 16]

An appropriate order of partial dismissal will accompany this memorandum and order.

                                                                                            _/s/ Charles A. Shaw_
                                                                                            **CHARLES A. SHAW**
                                                                                            **UNITED STATES DISTRICT JUDGE**

Dated this 21st day of July, 2005.